UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS RODRIGUEZ-SORTO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE GEO GROUP, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00346-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS UNITED STATES OF AMERICA AND U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 4(i) & (m)<br><br>(Docs. 2, 4, 5)<br><br>**14-DAY OBJECTION PERIOD** |

**Background**

Plaintiff Alexis Rodriguez-Sorto ("Plaintiff") initiated this action with the filing of a complaint on March 21, 2025, against Defendants The Geo Group, Inc. ("Geo Group"), Golden State Annex, United States of America, and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"). (Doc. 1). On March 24, 2025, the Clerk of the Court issued summonses and the Court entered an order setting a mandatory scheduling conference for June 25, 2026. (Docs. 2, 3). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 3 at 1). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*.

Because the docket does not reflect that Plaintiff had diligently sought to timely pursue service of process, on June 13, 2025, the Court ordered Plaintiff to show cause ("OSC") no later than June 20, 2025, why unserved defendants or this action in its entirety should not be dismissed. (Doc. 4). The Court admonished Plaintiff that could comply with the OSC in the alternative by filing executed proofs of service of summons and complaint upon all Defendants by that same deadline. *Id*. The Court also continued the mandatory scheduling conference to July 28, 2025, at 10:00 AM. *Id.* The Court admonished Plaintiff: "Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant." *Id.*

On June 16, 2025, Plaintiff timely filed a return of service as to Defendants Golden State Annex and Geo Group. (Doc. 5). No return of service is filed as to Defendants United States of America and ICE ("Government Defendants"), Plaintiff has not filed any declaration in response to the OSC regarding the failure to serve Government Defendants, and the time to do so has passed.

**Discussion**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, under Federal Rule of Civil Procedure 4(i), service of process on the United States is effectuated:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C). Further, Rule 4(m) provides in pertinent part: "If a defendant is not

served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.  *Id.*

Here, Plaintiff has failed to comply with Rules 4(i) and (m) in timely effecting service of process upon Government Defendants, has not reported to the Court why, if service has not been effective, any extension is warranted, and has otherwise failed to show any good cause why unserved Government Defendants or this action in its entirety should not be dismissed.

Because the Court previously directed Plaintiff to show cause why unserved defendants should not be dismissed and Plaintiff failed to present good cause for failing to timely serve Government Defendants, imposing the sanction of dismissal is not only warranted, but required under Rule 4(m).  Accordingly, the undersigned will recommend the Court exercise its broad discretion to decline to extend the time within which Plaintiff may effect service of process upon Government Defendants, and that Government Defendants be dismissed without prejudice pursuant to Rules 4(i) and (m).  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001) (holding that even if the plaintiff fails to show good cause for failure to timely serve under Rule 4(m), a district court has "the discretion to dismiss without prejudice or extend the time period.") (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995)).

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Government Defendants United States of America and U.S. Immigration and Customs Enforcement be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(i) and (m); and

2. The Clerk of the Court be DIRECTED to terminate Government Defendants United States of America and U.S. Immigration and Customs Enforcement and update the docket accordingly.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 24, 2025**                             _____
                                                                              UNITED STATES MAGISTRATE JUDGE